## Holmes *&amp; al. vs.* Mallet.

On plea of infancy to promissory note made in Illinois, it is not necessary for defendant to prove that according to the laws of Illinois he would have been discharged from the payment of said note.
Defendant could not be compelled to pay contracts made in infancy, unless by some act he had ratified it after he became of legal age.

---

Action of assumpsit on promissory note executed in State of Illinois brought to the District Court by appeal—plea infancy—and judgment for defendant.— The plaintiffs except to the opinion of the Court, for that on the trial the defendant proved by parol testimony that at the time of executing said note he was a minor, under the age of twenty-one years. The plaintiff then moved for judgment on the following grounds: 1st. The defendant should have proved that according to the laws of Illinois he would have been discharged from the payment of said note:—that to prove the above the laws of the State of Illinois should have been introduced and proven before said Court. 2d. That the contract being voidable only the defendant should have disaffirmed within a reasonable time after he became of age, and have proved the same to the Court. Which motion was overruled and judgment given for defendant.

Browning, for plffs.

Where a plea of infancy is put in on a contract made in another State, the party pleading must show that it would be a good defence where the contract was made. *Com. on Con.* 626. The laws of Illinois should have been introduced to show that the plea would have been a good defence to the action there. 8 *Johns. R.* 189—*Cond. R.* 6, 494—*Ib.* 7, 175, 626. Contracts for the benefit of an infant are binding on him; those to his detriment are void; if of doubtful character, they are voidable. *Cond. R.* 6, 494—*Ib.* 7, 175, 626—13 *Mass. R.*, 237—1 *Mason's R.* 82—*Chi. on Con.* 35—2 *Saund R.* 96—*Ch. on Bills* 22— 8 *Taunton's R.* 35—14 *Mass. R.* 457.

Rich, for defendant.

By the Court—Mason, Ch. J.—This cause came before the Court below as a case submitted, the parties waiving the right of trial by jury. The defendant relied on his plea of infancy. After hearing the parties, their proofs and allegations, the Court directed judgment to be entered for the defendant for costs. To this opinion of the Court the counsel for the plaintiffs excepted, and the cause comes now for decision in this Court. It appears from the bill of exceptions before us that "at the time of making the contract upon which the note now sued was executed by the defendant he was a minor (under the age of 21 years) and that the note was executed in the State of Illinois." These are the only facts presented as evidence in the record sent up. Whereupon the counsel for the plaintiff moved the Court for judgment on the following grounds:

1st. That the defendant should have proved that according to the laws of the State of Illinois he would have been discharged from the payment of said note. That to prove the above the laws of the State of Illinois should have been introduced and proven before said Court.

2d.   That the contract being voidable only, the defendant should have disaffirmed the same within a reasonable time after he came of age, and have proved the same to the Court.   Which motion was overruled by the Court.

The first question presented for the opinion of the Court in this case is somewhat peculiar, and is to be viewed with reference to our institutions as a government.   The ordinance of 1787, art. 2d, declares that "The inhabitants of the Territory (northwest of the Ohio) shall always be entitled to the benefits of the writ of habeas corpus, and a trial by jury: of a proportionate representation of the people in the Legislature, and *of judicial proceedings according to the course of the common law.*   Common law jurisdiction is also given to our Courts here by the organic law of this Territory.   The common law principles throughout our confederacy are in force except in a few instances.   The case of *Male vs. Roberts,* 3 *Esp. R.* 163, cited in *Com. Dig.* 626, we think ought not to control in the decision of this case.   Ch. Jus. Eldon, in that case, was influenced by the consideration that the contract was made in a *foreign country,* and although by the law of England the defence upon plea of infancy was good, he could not say what was the law of Scotland where the contract was made.   Is the State of Illinois here to be considered as a foreign State *insomuch* that the judge who tried the cause below could not decide that the same common law principles governed the case there as here.   We think the case of Male vs. Roberts, cited above, ought not to govern as between the Territories and States of our Union, and that on this point there was no error in the opinion of the Court below.

As to the second point on which the opinion of the Court below was given, and to which an exception has been taken, we would merely say that the contract, having been made in the infancy of the defendant below, was voidable, and he could not legally be compelled to pay unless by some act he had ratified it after he became of legal age.

Judgment of the court below affirmed.